UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PAUL BERESWILL,

                                Plaintiff,                       **REPORT AND**
                                                                        **RECOMMENDATION**

                        -against-                           **18-CV-4631 (ENV) (RLM)**

DEF PEN MEDIA, LLC,

                                  **Defendant.**
------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        In September 2019, plaintiff Paul Bereswill ("plaintiff") settled this copyright infringement case against defendant Def Pen Media, LLC ("defendant"), and the matter was subsequently closed. More than a year later, on October 29, 2020, plaintiff moved to reopen the case for the purpose of enforcing the parties' settlement agreement, due to defendant's failure to make certain agreed-upon payments.[1] See Third Motion to Reopen Case (Oct. 29, 2020) ("Third Mot. to Reopen") at 1-2, Electronic Case Filing ("ECF") Docket Entry ("DE") #29. The District Court granted plaintiff's motion to reopen the case on December 2, 2020. See Order (Dec. 2, 2020).

        Currently pending before this Court, on referral from the Honorable Eric N. Vitaliano, see Order Referring Motion (Jan. 12, 2021), is plaintiff's motion and memorandum requesting that the Court enforce the parties' settlement agreement and enter judgment against defendant in the amount of $3,500, plus post-judgment interest, see Second Motion for Judgment Based

---

[1] As discussed *infra*, plaintiff had previously moved on two occasions to reopen the case to enforce the parties' settlement agreement, but each of those two motions was subsequently denied as moot.

on Settlement (Aug. 23, 2021) ("Pl. Mot."), DE #48; Memorandum in Support of Plaintiff's Second Motion for Judgment Based on Settlement (Aug. 23, 2021) ("Pl. Mem."), DE #50. For the reasons set forth below, this Court respectfully recommends that the District Court grant plaintiff's motion to enforce the settlement agreement and enter judgment against defendant in the requested amount.

## BACKGROUND

Plaintiff is a New York-based professional photographer. See Complaint (Aug. 16, 2018) ("Compl.") ¶ 5, DE #1. Defendant is an online magazine company located in Brooklyn, New York. See id. ¶ 6. On August 16, 2018, plaintiff filed this action, alleging that defendant had committed copyright infringement under Section 501 of the Copyright Act. See id. ¶ 1. Specifically, defendant is alleged to have illegally reproduced and publicly displayed plaintiff's copyrighted photograph of professional basketball player Kristaps Porzingis. See id. ¶¶ 1, 14. After the Complaint was filed and served, months went by without any activity in the matter, prompting this Court to issue an order on February 19, 2019, directing plaintiff to show cause as to why the case should not be dismissed for a failure to prosecute. See Order to Show Cause (Feb. 19, 2019) at 1, DE #7. In response, plaintiff's counsel filed a status report, claiming to have been in contact with defendant's counsel concerning a potential settlement agreement, and requesting additional time to continue settlement discussions.[2] See Status Report (Feb. 26, 2019), DE #8.

---

[2] On March 26, 2019, attorney Willard A. Stanback, who was being retained by defendant, filed a letter with the Court, denying that any settlement discussions had taken place. See Letter Regarding Purported Conversations for and by Def Pen Media, LLC (Mar. 26, 2019) at 1, DE #9.

On March 27, 2019, counsel for defendant (i.e., Mr. Stanback) officially entered a notice of appearance on defendant's behalf. See Notice of Appearance by Willard Alonzo Stanback on behalf of Def Pen Media, LLC (Mar. 27, 2019) at 1, DE #10. Defense counsel then proceeded to file a motion to dismiss the case, see Defendant's Motion to Dismiss (Mar. 28, 2019), DE #11, which was denied without prejudice on April 12, 2019, see Order (Apr. 12, 2019). Thereafter, on May 15, 2019, the parties participated in a settlement conference before this Court, see Minute Entry for Initial and Settlement Conference Hearings (May 15, 2019), DE #17, and they accepted the Court's settlement recommendation later that day, see Order (May 15, 2019), DE #18. Accordingly, the Court ordered the parties to file a stipulation of dismissal by June 14, 2019. See id.

On June 15, 2019, the parties executed an agreement to settle the matter (the "Settlement Agreement"), in which defendant agreed to pay plaintiff $9,000 in exchange for plaintiff's dismissal of the copyright infringement action against it. See June 15, 2019 Settlement and Release Agreement ("Settlement Agreement") ¶ 7, DE #49-1. Defendant agreed to pay this settlement amount over nine months in $1,000 monthly installments, beginning on July 5, 2019. See id. On September 18, 2019, plaintiff filed a stipulation of dismissal. See Stipulation of Dismissal and Settlement (Sept. 18, 2019), DE #24. Several days later, the District Court issued an order discontinuing the action "without cost[s] and with prejudice, except as to the right to reopen the action if the settlement is not consummated." Order of Discontinuance and Stipulation of Dismissal (Sept. 20, 2019) ("Stipulation and Order") at 1, DE #25.

Thereafter, after making only two monthly payments (totaling $2,000), defendant defaulted in his payments under the Settlement Agreement. See Second Motion to Reopen Case (Jan. 6, 2020) at 1, DE #27. On January 6, 2020, plaintiff filed his second motion to reopen the case,[3] citing defendant's outstanding balance of $7,000. See id. Upon reaching an agreement with defendant to resolve the non-payment issue, plaintiff filed a letter on January 13, 2020, informing the Court that the parties had signed an addendum to the Settlement Agreement (the "Addendum"). See Letter Requesting that Plaintiff's Motion to Re-Open Be Held in Abeyance (Jan. 13, 2020), DE #28; see also January 13, 2020 Addendum to the Settlement and Release Agreement ("Addendum") at 2, DE #49-2. Under the Addendum, the parties stipulated that defendant would pay plaintiff the $3,000 in arrears by January 27, 2020. See Addendum at 2. In addition, defendant agreed to pay the remaining $4,000 of the total $7,000 owed in monthly installments according to the terms of the Settlement Agreement, with the last payment due by May 5, 2020. See id. Accordingly, the Court denied as moot plaintiff's second motion to reopen the case. See Order (Jan. 14, 2020).

Defendant once again defaulted on its payments; on October 29, 2020, plaintiff filed his third motion to reopen the case to enforce the Settlement Agreement. See Third Mot. to Reopen at 1-2. Despite the Court's twice having directed defendant to respond to plaintiff's aforementioned motion, see Order (Oct. 30, 2020); Order (Nov. 18, 2020), defendant failed to file a response. After concluding that it had expressly retained jurisdiction over the matter, the

---

[3] Plaintiff's first motion to reopen the case, filed on August 5, 2019, see First Motion to Reopen Case (Aug. 5, 2019), DE #22, was denied as moot because the case was still open as of that date, see Minute Entry for Telephonic Motions Hearing (Aug. 13, 2019) at 1, DE #23.

4

District Court granted plaintiff's third request to reopen the case for the narrow purpose of "filing a motion seeking payment of the balance of the settlement agreement." 12/2/20 Order.

On January 8, 2021, plaintiff filed his original motion to enforce the Settlement Agreement and for judgment in the amount of $5,000 against defendant. See Motion for Judgment Based on Settlement for $5,000 Against Def Pen Media, LLC (Jan. 8, 2021), DE #31. Upon being referred plaintiff's motion, this Court ordered defendant to show cause as to why the relief requested by plaintiff should not be granted, see Order (Feb. 11, 2021), and Mr. Stanback moved to withdraw as attorney of record for defendant, see Motion to Withdraw as Attorney (Feb. 10, 2021), DE #37. With defendant's consent, see Notice (Feb. 18, 2021), DE #38, the Court granted the motion to withdraw, see Order (Feb 18, 2021). On March 10, 2021, defendant informed the Court, via email, that it had not yet retained new counsel and expressed a desire to "come to terms with a new payment agreement[.]" Defendant's Email to the Court dated 3/10/21 (Mar. 10, 2021) at 1, DE #39.

In an effort to resolve plaintiff's motion for judgment, the parties then participated in a telephonic hearing before this Court; when defendant offered to resume periodic payments, the Court instructed the parties to continue to discuss a payment plan with respect to defendant's outstanding balance, and directed plaintiff either to withdraw his first motion to enforce judgment, or to seek permission to supplement his motion papers, by April 19, 2021. See Minute Entry for Telephone Conference (Mar. 19, 2021), DE #42.[4]

---

[4] As confirmed by the recording of the March 19, 2021 telephone conference, defendant agreed to pay the then-outstanding $5,000 balance owed to plaintiff, starting with two $500 payments over the course of three weeks, followed by monthly payments thereafter.

One month later, plaintiff moved to withdraw his request for judgment. See Motion to Withdraw (Apr. 19, 2021), DE #43. The Court then issued an order terminating plaintiff's first motion for judgment as moot, as well as instructing plaintiff to file a stipulation of dismissal by July 16, 2021. See Order (Apr. 20, 2021). Defendant, however, made only three $500 payments (totaling $1,500) before defaulting again, prompting plaintiff to request additional time to file a stipulation of dismissal. See Declaration of Plaintiff's Counsel James H. Freeman (Aug. 23, 2021) ("Freeman Decl.") ¶ 5, DE #49; Motion for Extension of Time to File Stipulation of Dismissal (July 14, 2021) at 1, DE #44.

Having failed to procure a consent judgment from defendant, plaintiff then moved to reinstate his first motion to enforce the Settlement Agreement. See Motion to Reopen Case to Restore Docket No. 31 (Aug. 9, 2021) at 1, DE #46. The Court granted this motion in part, directing plaintiff to file a renewed motion for judgment by August 23, 2021. See Order (Aug. 10, 2021). On that date, plaintiff filed the pending renewed motion for judgment, arguing (1) that the Court has jurisdiction to enforce the Settlement Agreement and Addendum, and (2) that a $3,500 judgment should be entered against defendant. See Pl. Mot. at 1; Pl. Mem. at 5-7. Ultimately, despite having secured an extension of time to oppose the motion, see Order (Sept. 13, 2021), defendant never responded to plaintiff's pending motion or otherwise communicated further with the Court.

## DISCUSSION

### I. Subject Matter Jurisdiction

Before turning to the underlying merits of plaintiff's pending motion, the Court must first determine whether this motion was properly brought in federal court. See Ageitos v. N.

Shore Country Club, No. 06 Civ.2001(HBP), 2009 WL 2958390, at *1 n.2 (S.D.N.Y. Sept. 15, 2009) (a federal court may *sua sponte* determine whether subject matter jurisdiction exists) (collecting cases). As the Supreme Court has made clear, enforcement of a settlement agreement requires its own basis for federal jurisdiction; in the absence of such a basis, a federal court retains jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378-82 (1994); accord Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996).

Here, Judge Vitaliano so-ordered a stipulation and order of dismissal that explicitly retained jurisdiction to enforce the terms of the Settlement Agreement between plaintiff and defendant. See Stipulation and Order at 1 (ordering that the action be discontinued "except as to the right to reopen the action if the settlement is not consummated"); see also 12/2/20 Order (concluding that the Court had expressly retained jurisdiction to enforce the parties' settlement agreement). Thus, the Court has subject matter jurisdiction over plaintiff's motion to enforce the Settlement Agreement and to enter judgment against defendant.

## II. Motion for Enforcement of Settlement Agreement

### A. Liability Under the Settlement Agreement

As noted above, Judge Vitaliano retained jurisdiction to enforce the Settlement Agreement between the parties thereto. See Stipulation and Order at 1. A settlement agreement is construed according to general principles of contract law. See Colburn Family Found. v. Chabad's Children of Chernobyl, 739 F.Supp.2d 614, 618 (S.D.N.Y. 2010). "[C]ourts should not disturb a valid stipulation [of settlement] absent a showing of good cause

such as fraud, collusion, mistake or duress[,] or unless the agreement is unconscionable or contrary to public policy[,] or unless it suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement." Katel Ltd. Liab. Co. v. AT&T Corp., 607 F.3d 60, 65-66 (2d Cir. 2010) (quoting McCoy v. Feinman, 99 N.Y.2d 295, 302 (2002)).

This Court has reviewed the terms of the Settlement Agreement, as well as the Addendum, and concludes that they constitute a valid and binding contract between plaintiff and defendant, who were represented by counsel throughout their negotiation and execution.[5] There is nothing in the record to suggest mistake, duress, or ambiguity, or any other basis for declining to enforce the Settlement Agreement, as modified by the Addendum. The Settlement Agreement and Addendum both unambiguously required defendant to pay plaintiff a total of $9,000—albeit in accordance with slightly different installment schedules—by May 5, 2020 (as per the extension under the Addendum). See generally Settlement Agreement; Addendum. In addition, it is undisputed that defendant has failed to pay the remaining $3,500 balance owed to plaintiff. See Pl. Mem. at 7; Freeman Decl. ¶¶ 5-6. The Court therefore recommends that judgment be entered against defendant in this amount.

**B.    Post-Judgment Interest**

As to plaintiff's request for post-judgment interest, which is governed by federal statute, 28 U.S.C. § 1961(a), see Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008), "an award of post-judgment interest is mandatory" and is calculated at the statutory rate prescribed by 28 U.S.C. § 1961(a), see MRC Indus., Inc. v. Global Therapy Sys., LLC, No. 06-CV-

---

[5] In his motion to withdraw from representing defendant, Mr. Stanback alleged that his client negotiated the Addendum directly with plaintiff, without counsel's involvement. See Affidavit of Willard A. Stanback (Feb. 10, 2021) ¶ 10, DE #37-1. Even so, no reason appears to decline to enforce the Addendum, which benefitted defendant by extending the deadlines for paying off the balance owed to plaintiff under the Settlement Agreement.

3633 (JS)(WDW), 2009 WL 2461106, at *4 (E.D.N.Y. Aug. 7, 2009) (citing Schipani, 541 F.3d at 165). Therefore, this Court respectfully recommends that plaintiff be awarded post-judgment interest on its monetary award, to be calculated using the federal rate set forth in 28 U.S.C. § 1961(a), from the date the Clerk of the Court enters judgment in this action until the date of payment.

## CONCLUSION

For the reasons explained above, this Court recommends that the District Court grant plaintiff's pending motion and enter judgment against defendant in the amount of $3,500—the outstanding balance owed to plaintiff under the Settlement Agreement—as well as post-judgment interest.

Any objections to this Report and Recommendation must be filed with the Honorable Eric N. Vitaliano on or before November 22, 2021. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Clerk is respectfully requested to docket this Report and Recommendation into the ECF court file and to send copies to defendant at the following physical and electronic addresses:

> Def Pen Media, LLC
> c/o Jared Brown, Registered Agent
> 557 Kosciusko Street, Apt. 1D
> Brooklyn, NY 11221
>
> Def Pen Media, LLC
> 649 Morgan Avenue
> Brooklyn, NY 11222

Def Pen Media, LLC
billing@defpen.com
jared@defpen.com
jducketz@gmail.com
legal@defpen.com

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**November 3, 2021**

*/s/* *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**